**Arthur Bradley SAMURA, Plaintiff,**

v.

**KAISER FOUNDATION HEALTH PLAN, INC., a Partnership Kaiser Foundation Hospitals, and Does Three Through Twenty, Defendants.**

**No. C–89–1413–WWS.**

United States District Court,
N.D. California.

July 18, 1989.

Manuel Glenn Abascal, Kathy S. Abascal, Berkeley, Cal., Stephen Kaus, Kaus, Kerr & Wagstaffe, San Francisco, Cal., for plaintiff.

Kennedy P. Richardson, Oakland, Cal., for defendants.

## ORDER

SCHWARZER, District Judge.

Plaintiff has moved pursuant to 28 U.S.C. section 1447(c) to remand this action to the Superior Court of the State of California, County of Alameda, from which it was removed, on the ground that the removal was improvident and untimely. Plaintiff also requests costs and attorney fees incurred in making the motion.

## I. FACTS

Plaintiff filed a class action on November 20, 1985, in Alameda County Superior Court against Kaiser Foundation Health Plan, Inc. ("Health Plan"), alleging that Health Plan's practice of asserting liens in excess of provider costs on recoveries obtained from third parties constitutes an unfair business practice in violation of the California Unfair Practices Act, Cal. Bus. & Prof.Code, §§ 17200, *et seq.* On October 27, 1987, Health Plan filed a first amended answer to the complaint asserting as an affirmative defense that the complaint "is barred and preempted by section 514(a) of the federal Employee Retirement Security Act of 1974, 29 U.S.C. § 1144(a)."

On April 10, 1989, plaintiff filed a first amended complaint adding Permanente Medical Group and Kaiser Foundation Hospitals, Inc. as defendants. The first amended complaint for the first time alleged that defendants are a federal qualified Health Maintenance Organization under 42 U.S.C. sections 300e, *et seq.*, and that their practice of collecting more than prepaid dues from its members is a violation of section 300e and therefore a violation of the Unfair Practices Act.

On April 25, 1989, more than thirty days after service of the original complaint, defendants removed the action to this court. The petition for removal invoked federal question jurisdiction under 28 U.S.C. § 1331 on two grounds:

1. that plaintiff has stated a claim under 42 U.S.C. § 300e, and

2. that all of the allegations of the complaint relate to an employee benefit plan and are therefore preempted by section 514 of ERISA, 29 U.S.C. § 1144.

■ Plaintiff has moved to remand on the ground that the action was not timely removed.[1]

## II. DISCUSSION

### A. *Addition of New Defendants*

■ Defendants contend that removal was timely because it came within thirty days of service of the amended complaint which added two new defendants. The addition of defendants, however, does not start the time for removal running anew when the original complaint was removable. The decision in *Cantrell v. Great Republic Insurance Company,* 873 F.2d 1249 (9th Cir.1989), is squarely in point.

The result in *Cantrell* did not turn on the later named defendant's close association with the litigation but, even if it did, the instant defendants are plainly in a similar position, having the same counsel, having filed a joint answer and being part of a group of closely affiliated entities.

It is noteworthy, too, that the *Cantrell* complaint also had been filed in 1985 and was removed two years later on the ground of ERISA preemption.

In view of *Cantrell,* there is no need to discuss the prior state of the law. It should be noted, however, that the decision on which defendants place principal reliance, *Garside v. Osco Drug, Inc.,* 702 F.Supp. 19 (D.Mass.1988), makes it clear that the published opinions have rejected the view advanced by defendants here. And *Garside,* of course, was a reverse remand case where the removing defendant sought remand for the purpose of judge-shopping.

---

1. Plaintiff also raises defendants' failure to comply with the procedural requirement of 28 U.S.C. § 1446(a), as amended in 1988 by Pub.L. 100–702, Title X, § 1016(b). Defendants' filing of a verified petition for removal rather than a notice of removal reflects their inattention to the applicable law but is not a "defect" warranting remand under section 1447(c).

## B. *Addition of a New Federal Cause of Action*

■ Defendants also contend that the addition of a claim under the federal HMO act restarts the period of removal. The simple answer to this contention is contained in the removal statute itself which provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable, . . . .

28 U.S.C. § 1446(b) (emphasis added).

Changes to a complaint that create a new basis for removal do not undo the original waiver. "If a case is removable from the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable'." *Hubbard v. Union Oil Company*, 601 F.Supp. 790, 795 (S.D.W.Va.1985).

"The courts have read into the statute an exception for the case where the plaintiff files an amended complaint that so changes the nature of [the] action as to constitute 'substantially a new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965 (7th Cir.1982) (quoting *Fletcher v. Hamlet*, 116 U.S. 408, 410, 6 S.Ct. 426, 429, 29 L.Ed. 679 (1886)). The *Wilson* court went on to explicate the relevant policy considerations governing the application of this exception:

> The purpose of the 30–day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court. These

considerations might be overborne in a case where a plaintiff, seeking to mislead the defendant about the true nature of his suit and thereby dissuade him from removing it, included in his initial complaint filed in a state court an inconsequential but removable federal count unlikely to induce removal and then, after the time for removal had passed without action by the defendant, amended the complaint to add the true and weighty federal grounds that he had been holding back. . . . But this case presents the opposite pattern. Wilson tendered his fundamental federal claim, that defendants had violated his equal protection and due process rights under the U.S. Constitution, at the very outset. His amended complaint added one purely procedural count which clearly did not alter the character of the suit . . . and a number of other federal counts, all apparently makeweights and some never pressed at all. It seems inconceivable to us (and defendants do not argue) that Wilson's lawyer adopted this pleading sequence in order to discourage the defendants from exercising their right to removal, or that it could have had that effect.

668 F.2d at 965.

This case falls in to the same pattern. The amended complaint did not change the nature of the underlying claim. The reference to the federal HMO act merely provides an added standard governing application of the Unfair Practices Act.

Defendants should never have filed a petition for removal in 1989. Their arguments are makeweights at best, presumably intended to cure their earlier neglect to move in a timely fashion. They should have known that their tenuous contentions could not overcome the firmly established policy that "removal statutes are construed strictly against removal." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).

Counsel for plaintiff are directed to submit proof of attorney fees and expenses, which will be awarded pursuant to 28 U.S. C. § 1447(c), along with a proposed order

awarding fees and expenses and remanding the action.

IT IS SO ORDERED.