988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence DOCKTER, Plaintiff-Appellant,
v.
AETNA LIFE INSURANCE COMPANY; Getty Oil Company,
Defendants-Appellees.
 No. 91-56029.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 1, 1993.
Decided March 3, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-88-7645-KN, David V. Kenyon, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this case, Appellant Dockter appeals the district court's dismissal of his state law claims because they were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. 1988 ("ERISA"). Appellant's proposed Second Amended Complaint asserted a state law claim for "breach of the duty of good faith and fair dealing" and sought declaratory relief that Appellant was entitled to disability benefits. The district court denied Appellant's motion for leave to amend because the claims set forth in the proposed Second Amended Complaint were preempted by ERISA. However, the court explained in its order that plaintiff would be permitted to bring his complaint against the successor Plan, or in the alternative, against the predecessor or successor in interest to the Plan if the plaintiff sought a determination that the "Plan was not operated in strict accordance with 29 U.S.C. § 1133 'Claims Procedure.' " On July 17, 1991, the district court ordered the case dismissed because there were "no defendants remaining in the action." The district court had jurisdiction pursuant to ERISA, 29 U.S.C. § 1132(e). We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 * STANDARD OF REVIEW
 
 
 4
 The denial of leave to amend is reviewed for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). Such a denial, however, is "strictly" reviewed in light of the strong policy permitting amendment. Id. at 798. A dismissal without leave to amend is usually reviewed de novo. Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1472 (9th Cir.1991). ERISA preemption is a conclusion of law reviewed de novo. Greany v. Western Farm Bureau Life Ins. Co., 973 F.2d 812, 816 (9th Cir.1992).
 
 II
 ERISA PREEMPTION
 
 5
 Plaintiff's proposed Second Amended Complaint asserts a state law claim for "breach of the duty of good faith and fair dealing" and seeks declaratory relief that Appellant is entitled to disability benefits. "ERISA contains one of the broadest preemption clauses ever enacted by Congress." PM Group Life Ins. Co. v. Western Growers Assur. Trust, 953 F.2d 543, 545 (9th Cir.1992) (quotation omitted). The ERISA provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). A state law "relate[s] to" an employee benefit plan "if it has a connection with or reference to such a plan." Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 8 (1987) (quotation omitted). The ERISA preemptive provision is to be broadly construed and extends to common law tort and contract actions. Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1095 (9th Cir.1985); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987). Even claims brought under state law doctrines that do not explicitly refer to employee benefit plans are preempted when the claims arise from the administration of such plans whether directly or indirectly. Ellenburg, 763 F.2d at 1095; Scott v. Gulf Oil Corp., 754 F.2d 1499, 1504 (9th Cir.1985).
 
 
 6
 Plaintiff's primary contention, on appeal, is that the Plan is defunct and, therefore, he cannot sue the Plan. He contends that because there is no plan, ERISA no longer applies to this case. Plaintiff further argues this situation permits him to sue Aetna, the fiduciary of the Plan, under California state law for breach of fiduciary duties.
 
 
 7
 All of Appellant's claims arise from his efforts to attain disability benefits under the Plan and therefore directly relate to the Plan. In his proposed Second Amended Complaint, Plaintiff claims that Aetna has breached its duty of good faith and fair dealing under California state law by: 1) failing to pay long term disability benefit payments to plaintiff; 2) withholding long term disability benefits when plaintiff had provided adequate proof of the existence of his disability; and, 3) failing to provide a prompt and reasonable explanation for the denial of Plaintiff's claims. It is well-settled that this type of claim is completely preempted by ERISA. Greany, 973 F.2d at 818-20 (claims for negligence, unfair claims settlement practices, tortious interference with contract, and violations of state conversion statute are integrally connected to the ERISA plan and therefore preempted by ERISA); Davidian v. So. Calif. Meat Cutters Union & Food Employees Ben. Fund, 859 F.2d 134, 135 (9th Cir.1988) (holding claims for bad faith, fraud, deceit, and breach of fiduciary duty under California law arising out of denial of benefits are preempted by ERISA); Nevill v. Shell Oil Co., 835 F.2d 209, 212 (9th Cir.1987) (holding claims based on California breach of contract, fraud and breach of the covenant of good faith and fair dealing to recover benefits are preempted by ERISA).
 
 
 8
 Appellant's only argument is that ERISA doesn't apply because the plan is now defunct. He seems to argue that because he has no remedy, we must find ERISA doesn't apply. Under the law, however, ERISA preempts state law claims even if the plaintiff is left without a remedy. Olson v. General Dynamics Corp., 960 F.2d 1418, 1422-23 (9th Cir.1991) (holding state law claims preempted under ERISA and declining to devise a federal common law remedy for plaintiff even where plaintiff is left without a remedy), cert. denied, 112 S.Ct. 2968 (1992).
 
 
 9
 Because Appellant's claims arise from the administration of the Plan and because ERISA preempts state law claims even when a plaintiff is left without a remedy, we hold that ERISA preempts state law claims arising out of the administration of a plan even when the plan has been terminated and is allegedly defunct.
 
 III
 
 10
 THE "SAVINGS CLAUSE"
 
 
 11
 Plaintiff raises the "savings clause" of ERISA in support of his argument that he should be permitted to sue Aetna under state law. Under the "savings clause," a state law that ordinarily would be preempted by ERISA may be "saved" from preemption if it "regulates insurance." See 29 U.S.C. § 1144(b)(2)(A).
 
 
 12
 Plaintiff's proposed Second Amended Complaint sets out a cause of action under California law for breach of the covenant of good faith and fair dealing. We have already determined that state law claims for breach of the duty of good faith and fair dealing are not saved from preemption by the "savings clause." Kanne v. Conn. Gen. Life Ins. Co., 867 F.2d 489, 493-94 (9th Cir.1988) ("California's common law of contract interpretation is not a law that 'regulates insurance,' and therefore is not saved from preemption."), cert. denied, 492 U.S. 906 (1989).
 
 
 13
 In Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1250 (9th Cir.1989), an employee sued an insurer that had rescinded health insurance coverage of the employee's husband and child for breach of the covenant of good faith and fair dealing. After noting that in Pilot Life, the Supreme Court held the plaintiff's common law causes of action did not fall under ERISA's "savings clause," we held the plaintiff's claims were "indistinguishable" from the claim the Supreme Court held to be preempted by ERISA in Pilot Life. Id. at 1252-53.
 
 
 14
 We have held that even claims under California's insurance statute prohibiting unfair insurance practices, California Insurance Code section 790.03(h), were preempted by ERISA. Kanne, at 493-94. Thus, plaintiff's claim in the instant case cannot be saved by the "savings clause."
 
 IV
 CLAIMS UNDER 29 U.S.C. §§ 1132
 
 15
 (a)(2) AND 1132(a)(3)
 
 
 16
 Appellant claims that even if ERISA applies, he should be permitted to proceed against Aetna under 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3) which provide:
 
 
 17
 A civil action may be brought--
 
 
 18
 (2) by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under section 1109 of this title;
 
 
 19
 (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
 
 Section 1109(a) provides:
 
 20
 (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.
 
 
 21
 29 U.S.C. § 1109(a).
 
 
 22
 Appellant may not proceed against Aetna under §§ 1132(a)(2) and 1132(a)(3). First, Appellant's proposed Second Amended Complaint does not allege claims under §§ 1132(a)(2) and 1132(a)(3). Instead, Appellant's claim is for breach of the duty of good faith and fair dealing under California law. Second, even if Appellant's First Amended Complaint could be construed as asserting claims under §§ 1132(a)(2) and 1132(a)(3), these claims must fail because plaintiff seeks a remedy for his own benefit and not for the benefit of the Plan as a whole. ERISA does not permit recovery of damages by plan participants for individual injuries to the participants stemming from a fiduciary's mishandling of the individual's benefit claim. Horan v. Kaiser Steel Retirement Plan, 947 F.2d 1412, 1417 (9th Cir.1991) (holding there is no right under either §§ 1132(a)(2) or 1132(a)(3) for an individual to recover benefits for himself rather than on behalf of the plan). Thus, plaintiff cannot make out a claim under either §§ 1132(a)(2) or 1132(a)(3) and the district court did not abuse its discretion by denying leave to amend.
 
 V
 CONCLUSION
 
 23
 Appellant's claim for breach of the covenant of good faith and fair dealing arises from the administration of the Plan. ERISA preempts state law claims even when an appellant is left without a remedy. Appellant's claim cannot be salvaged by the ERISA "savings clause." Appellant cannot bring a claim against Aetna under 29 U.S.C. §§ 1132(a)(2) or 1132(a)(3) because he seeks a remedy for his own benefit and not for the Plan as a whole. We therefore affirm the district court's order dismissing this case. AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3