Norma C. SOFO, Plaintiff–Appellant,

v.

PAN–AMERICAN LIFE INSURANCE COMPANY and National Insurance Services, Inc., Defendants–Appellees, Third Party Plaintiffs–Cross Appellants,

v.

CONTINGENCY RESOURCES, INC., Third Party Defendant–Cross Appellee.

Nos. 92–3671, 92–3856 and 92–4080.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 25, 1993.

Decided Jan. 3, 1994.

Daniel N. Janich, Masuda, Funai, Eifert & Mitchell, Chicago, IL, Yvonne S. Sor, Wheeling, IL (argued), for plaintiff-appellant.

J. Robert Geiman, William A. Chittenden, III (argued), Barry C. Taylor, Peterson & Ross, Chicago, IL, for defendants-appellees.

Before FLAUM and EASTERBROOK, Circuit Judges, and SKINNER, District Judge.[*]

SKINNER, Senior District Judge.

Norma Sofo appeals from the district court's grant of summary judgment for defendants in No. 92–3856, and defendants-third-party plaintiffs appeal from the judgment for third-party defendant in No. 92–4080. We affirm the summary judgment for defendants and reverse the judgment for the third-party defendant. We dismiss Sofo's appeal in No. 92–3671 because it was filed before the district court had entered a final order.

## I. Background

Plaintiff-appellant Norma Sofo, a former employee of third-party defendant Contingency Resources, Inc. ("CRI"), was a participant in the "BEN–E–MED" plan, a group insurance policy purchased by CRI for its employees. The plan is administered by National Insurance Services, Inc., and underwritten by Pan–American Life Insurance Company, the defendants-appellees here. Defendants assert that the plan is regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.; Sofo claims that the plan is governed only by state law.

On May 31, 1989, Sofo completed an application for the plan. She was required to state whether she had (1) received any consultation, advice, test, treatment or medication for any "medical condition" within the last year; (2) been disabled, had surgery and/or testing recommended or performed within the last two years; and (3) ever been told that she may have, among other problems, "disorders of the reproductive system." The application provided that "any material misstatement or omission of information" on the form "may be the basis of later rescission of coverage."

[*] Hon. Walter Jay Skinner of the District of Massa-chusetts, sitting by designation.

Sofo answered no to all three questions although she had undergone several fertility-related medical procedures within the last two years. There is no dispute that she received both testing and surgery.

After enrolling in the plan, Sofo received additional medical treatment and sought reimbursement from the plan. Defendants refused payment when they discovered Sofo's true medical history, and rescinded her coverage.

Sofo filed suit in Illinois state court for wrongful rescission. Defendants filed a third-party complaint against CRI for indemnification in the event Sofo prevailed; CRI never answered. Defendants removed the case on the basis that Sofo's suit raised a federal question, as a claim by a plan participant for ERISA benefits is completely preempted by ERISA. Sofo's motion to remand was denied. She was later allowed to amend her complaint to plead a claim under ERISA.

The district court stayed discovery pending the resolution of jurisdictional issues. It lifted the stay in April 1991, and later set the discovery cutoff at February 28, 1992. Pursuant to a standing order of the Northern District of Illinois, discovery was to be completed, not just served, by that date. Sofo did not serve any discovery until nine days before the cutoff, which left defendants with less than 30 days to answer. Defendants moved for and were granted a protective order. Sofo's motion for enlargement of time for discovery was denied.

Defendants moved for summary judgment against Sofo and for a default judgment against CRI. Sofo moved for a continuance pending discovery under Fed.R.Civ.P. 56(f). The district court denied additional discovery and allowed defendants' motion for summary judgment. In a separate order, the district court denied defendants' motion for a default judgment against CRI and *sua sponte* entered judgment for CRI.

**II. Removal**

■ Sofo argues that her state law action was improperly removed because the BEN-

E–MED plan was not an "employee welfare benefit plan" under ERISA, 29 U.S.C. § 1002(1). CRI purchased health insurance coverage, established employee eligibility requirements, paid 50% of the premiums, performed certain administrative functions, and affirmatively represented its intent to comply with ERISA requirements. Under Seventh Circuit precedent, CRI's plan was subject to ERISA. *See Brundage–Peterson v. Compcare Health Serv. Ins. Corp.*, 877 F.2d 509, 510–11 (7th Cir.1989) (finding a "barebones" plan with only the first three features listed above to be an ERISA plan).

■ Sofo argues that this case should not have been removed under the "complete preemption" doctrine [1] because her wrongful rescission claim is a claim by a non-participant for denial of coverage, which cannot be brought under ERISA's civil enforcement provision, 29 U.S.C. § 1132. Sofo is a plan "participant," however—a former employee of CRI who "may become eligible" for benefits from CRI's plan because she has a "colorable claim that ... she will prevail in a suit for benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117, 109 S.Ct. 948, 957, 103 L.Ed.2d 80 (1989) (construing ERISA definition of "participant," 29 U.S.C. § 1002(7)). As a participant, she may bring suit to "recover benefits ... under the terms of [the] plan." 29 U.S.C. § 1132(a)(1)(B). Sofo's argument that she cannot be a participant because of defendants' wrongful rescission is circular; had the rescission been wrongful, she would still be a participant. Once Sofo's claim is reconfigured as a claim by a participant for denial of benefits, the district court's removal jurisdiction becomes clear. *Cf. Cantrell v. Great Rep. Ins. Co.*, 873 F.2d 1249, 1253 (9th Cir.1989) (plaintiff in wrongful rescission suit could have brought an ERISA action for improper processing of claims).

**III. Sofo's jury demand under ERISA**

The district court struck Sofo's demand for a jury trial of her amended ERISA claim. Because we affirm the district court's grant

1. *See Shannon v. Shannon*, 965 F.2d 542, 546 (7th Cir.1992) (*citing Metropolitan Life Ins. Co. v.*

*Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)).

of summary judgment, it is unnecessary to reconsider our previous holdings that jury trials are not available in actions for benefits under § 1132 of ERISA. *See, e.g., Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820 (7th Cir. 1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).

## IV. Discovery orders

■■■■ Sofo argues that the district court abused its discretion by granting defendants a protective order and denying her motion for enlargement of time. The district court correctly found that Sofo had not pursued discovery diligently. Sofo served no discovery for ten months after the discovery stay was lifted. She claims that "there appeared to be a tacit understanding between the parties to refrain from conducting discovery" while "informal settlement negotiations" were pending. Settlement negotiations do not automatically excuse a party from a discovery cutoff.[2] If negotiations made it impossible for Sofo to meet the cutoff, she should have asked for more time before time ran out.

The district court did not abuse its discretion by denying Sofo's Rule 56(f) motion. Sofo argues that it is improper to grant summary judgment when plaintiffs have not been given an adequate opportunity to take discovery. Her opportunity to take discovery was adequate; she simply failed to use it.

Sofo argues that the district court should have stricken the affidavit of defendants' underwriter because her statement that the defendants rescinded Sofo's coverage in accordance with their underwriting guidelines was not supported by a copy of the guidelines. We have ruled that an insurer's affidavit stating that coverage would have been denied "in accordance with ... underwriting standards in effect at the time of application" was evidence that the insurer would not have issued the policy. *Garde v. Inter–Ocean Ins. Co.,* 842 F.2d 175, 177 (7th Cir.1988). The

insurer in *Garde* did not need to "point to an applicable written rule contained in an underwriting manual," *id.* (*quoting Rivota v. Fid. & Guar. Life Ins. Co.,* 497 F.2d 1225, 1230 n. 10 (7th Cir.1974)), and neither do defendants here.

Finally, Sofo argues that the district court should not have granted summary judgment before ruling on her motion to compel discovery with respect to the fourth affirmative defense. In its summary judgment order, the court specifically ruled in Sofo's favor and rejected the fourth affirmative defense, mooting the need for discovery.

## V. Summary judgment

■■■ There is no genuine dispute that Sofo misstated her medical history on her application. Sofo calls the questions ambiguous, saying that she took such undefined terms as "medical condition" and "disorder" to mean "some sort of abnormality." But her answer to question two (whether she had undergone testing or surgery within the last two years) cannot be justified. Physicians for both parties agree that Sofo's treatment from 1987 to 1989 included testing, if not both testing and surgery.

Sofo's misstatements were "material." In *Garde,* 842 F.2d at 179, we cautioned that summary judgment in materiality of misrepresentation cases "is infrequently warranted" but proper when "there is no dispute as to the facts omitted or misstated and they are clearly material either to the acceptance of the risk by the insurer or the hazards to be assumed by it under the policy." Sofo misrepresented facts of her medical history that are "clearly material" to an insurer's decision-making. The affidavit of the defendants' underwriter is undisputed: pursuant to their underwriting guidelines, defendants would have rejected Sofo's truthful application.

---

**2.** *Wichita Falls Office Assoc. v. Banc One Corp.,* 978 F.2d 915 (5th Cir.1992) does not help Sofo. There, the discovery cutoff had been pushed back several times because of pending settlement negotiations with the FDIC (a non-party), and the very nature of the litigation depended on the settlement agreement with the FDIC. Most important of all, the parties evidently kept the district court informed of the progress of discovery.

## VI. The third-party claim

On cross appeal in No. 92–4080, the defendants argue that the district court erred by denying their motion for a default judgment and *sua sponte* entering judgment for CRI. The court did so because the contingency on which the third-party complaint is based—Sofo's recovery against the defendants—had not occurred in light of the summary judgment for defendants. Though we affirm the summary judgment, we agree with the defendants that the contingency is still live, because there remains a theoretical possibility that the Supreme Court might review this case.

## VII. Conclusion

The appeal in No. 92–3671 is *dismissed* because it was filed before the district court entered a final order. In case No. 92–3856 the entry of judgment for the defendants and against the plaintiff is *affirmed.* In case No. 92–4080 the judgment for the third-party defendant CRI is *vacated,* and the third-party claim is remanded to the district court for appropriate disposition upon the termination of any further appellate proceedings. Costs are awarded to the appellees Pan-American Life and National Insurance Services to be borne by the plaintiff.

