Louise L. **MITCHELL**, Plaintiff,

v.

**KENTUCKY-AMERICAN WATER COMPANY, Roy W. Mundy, II, and Coleman Bush, Defendants.**

No. Civ. A. 97–284.

United States District Court, E.D. Kentucky.

Dec. 8, 1997.

James M. Morris, Morris & Morris, Lexington, KY, for plaintiff.

Robert F. Houlihan, Jr., Stoll, Keenon & Park, L.L.P., Lexington, KY, for defendants.

## OPINION AND ORDER

FORESTER, District Judge.

## I. INTRODUCTION

This matter is before the Court upon plaintiff's motion to remand the above-styled action to the Fayette Circuit Court. As defendants have filed a response to which plaintiff has replied, this matter is ripe for review.

## II. FACTUAL BACKGROUND

Plaintiff, Louise L. Mitchell ("Mitchell"), a fifty-six (56) year old African American female, was hired by defendant, Kentucky-American Water Company ("KY-Water"), on February 10, 1992. Mitchell submits that KY-Water and its various representatives represented and warranted to her that KY-Water was an equal opportunity employer that promoted from within and that Mitchell would soon be eligible for and would receive promotions, raises, and/or other job benefits based upon merit. Throughout her tenure at KY-Water Mitchell states that she was never advised that her performance was below par. Yet, she alleges that over the past five (5) years she has not been promoted to various positions with KY-Water for which she applied and for which she was allegedly better qualified than the younger junior male and female Caucasian employees of KY-Water who were promoted to said positions.[1] At all times relevant to this action, Mitchell was a member of the International Brotherhood of Firemen and Oilers Local Union 320, which has a contract with KY-Water.

## III. PROCEDURAL HISTORY

On June 5, 1997, Mitchell filed suit in the Fayette Circuit Court against current defendants, KY-Water, Roy W. Mundy, II ("Mundy"), Vice–President and Manager of KY-Water, and Coleman Bush ("Bush"), Business Manager of KY-Water. In her complaint, Mitchell alleges that defendants' actions taken toward plaintiff constitute unlawful employment practices which violate Kentucky Civil Rights Statutes and the Equal Pay Act, as well as various state common laws. In short she alleges race,

gender, and age discrimination as well as claims for a breach of individual contract rights, breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress, embarrassment and humiliation, defamation, retaliation, and fraud, deceit, and misrepresentation.

On June 5, 1997, plaintiff served said complaint *via* certified mail on all three defendants. An agent of KY-Water signed for the complaints on behalf of all defendants on June 6, 1997. The agent processed and circulated them as regular mail. Defendants KY-Water and Mundy received their copy of the complaint on June 6, 1997; however, defendant Bush did not receive his complaint until two days later on June 8, 1997. On the belief that all defendants received their complaints on June 8, 1997, defendants' counsel removed this matter to this Court on July 8, 1997, thirty days from June 8, 1997.

## IV. PENDING MOTION

On July 17, 1997, plaintiff moved this Court to remand this matter back to the Fayette Circuit Court. Additionally plaintiff seeks attorney's fees and costs related to the removal of this action. After an extension of time, defendants filed their response on August 13, 1997, to which plaintiff filed her reply on August 25, 1997.

Plaintiff seeks to remand this action on two grounds, one procedural and one substantive, to wit, (1) that defendants' removal of this action was untimely; and (2) that removal under federal question jurisdiction is improper. The Court addresses the former but not the latter as the Court's decision on the former renders an analysis of the latter moot.

With respect to the timing issue, the Federal Rules of Civil Procedure provide:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

---

1. From the pleadings it appears that Mitchell is most concerned with KY-Water's refusal to qualify her for the position of Clerk III, Customer Service.

28 U.S.C. § 1446(b). The provisions of 28 U.S.C. § 1446(b) must be strictly construed. *Gorman v. Abbott Laboratories,* 629 F.Supp. 1196, 1199 (D.R.I.1986). Accordingly, if defendant fails to file within the prescribed time period, thirty (30) days from receipt by defendant, the action must be remanded. *See Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986).

In the case *sub judice,* two of the three defendants, KY-Water and Mundy, both literally physically received service on June 6, 1997. Pursuant to the time requirement set forth in the removal statute, KY-Water and Mundy should have filed their notice of removal no later than July 6, 1997. Defendants urge the Court to apply the three-day extension for mailing provided in Fed.R.Civ.P. 6(e) to the thirty-day period prescribed by 28 U.S.C. § 1446(b). If the Court applies said cushion to the calendar calculation, defendants would have filed their notice of removal one day prior to the deadline.

On this issue of first impression, this Court finds that Fed.R.Civ.P. 6(e) may not be applied to extend the thirty-day deadline set by the removal statute, 28 U.S.C. § 1446(b). The removal statute calls for the time to run following the **receipt** of service by defendant. The Court finds it illogical to apply Fed. R.Civ.P. 6(e), allowing for a three-day grace period to accommodate "mail time", to the removal statute which states that the time-clock does not start ticking until after "mail time" has run, i.e., after the defendant receives service. Accordingly, the Court finds that KY-Water and Mundy did not file their notice of removal in a timely manner.

The third defendant, Bush, actually **received** service of the complaint on June 8, 1997, when Bush himself received the pleading, even though an unauthorized agent signed for Bush's mail on June 6, 1997. *See Tech Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968 (6th Cir.1993) (adopting receipt rule and thus held time for removing case to federal court begins when defendant actually receives copy of initial pleading which on its face sets forth removable claim.) Consequently, thirty days from June 8, 1997, is July 8, 1997, the day on which defendants filed their notice of removal.

Unfortunately for defendants, Bush's delayed receipt of service is not defendants' saving grace.

The general rule is that, if the first-served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove. 1A James W. Moore et al., *Moore's Federal Practice* ¶ 0.168 [3.5–5], at 586–87 (2d ed.1992). This result is due to the rule of unanimity among defendants required for removal, which rule provides that "all defendants who may properly join in the removal petition must join." *Id.* ¶ 0.168 [3.–2–2], at 547–48 (2d ed.1992). *D. Kirschner & Sons, Inc. v. Continental Cas. Co.,* 805 F.Supp. 479 (E.D.Ky.1992). In essence, courts have found that the first-served defendant who does not timely remove waives its right to remove and thus cannot consent to removal by a later-served defendant. *See e.g., Getty Oil v. Insurance Company of North America,* 841 F.2d 1254 (5th Cir.1988). Thus, the Court finds that while Bush's notice of removal is timely, it lacks unanimity in that KY-Water and Mundy cannot join in the removal.

## V. CONCLUSION

In light of the reasons set forth above, the Court, being otherwise fully and sufficiently advised, hereby ORDERS THAT PLAINTIFF'S MOTION TO REMAND THIS ACTION TO FAYETTE CIRCUIT COURT [docket entry 4] IS GRANTED. This action IS HEREBY REMANDED BACK TO STATE COURT AND STRICKEN FROM THIS COURT'S DOCKET.

As the issue of whether Fed.R.Civ.P. 6(e) should apply when calculating the thirty (30) day time period set forth in 28 U.S.C. § 1446(b) is one of first impression, PLAINTIFF SHALL NOT RECOVER ATTORNEY'S FEES OR ITS COSTS RELATED TO THE REMOVAL OF THIS ACTION.