**Debbie GRIFFITH and Loren E. Griffith, individually and on behalf of their marital community, Plaintiffs,**

v.

**AMERICAN HOME PRODUCTS CORPORATION; A.H. Robins Company, Inc.; Wyeth Laboratories, Inc.; Interneuron Pharmaceuticals, Inc.; Rugby Group, Inc., d/b/a/ Rugby Laboratories, Inc.; Geneva Pharmaceuticals, Inc.; and Eon Laboratory Manufacturers, Inc., Defendants.**

No. CS–99–344–FVS.

United States District Court, E.D. Washington.

Feb. 29, 2000.

---

David L. Ashbaugh, Stanislaw Ashbaugh LLP, Seattle, WA, Lynn Lincoln Sarko, Keller & Rohrback, Seattle, WA, Britt L. Tinglum, Michael Woerner, Amy NL Hanson, Keller Rohrback, Seattle, WA, for Plaintiffs.

Robert F. Sestero, Jr., Keefe King & Bowman, Spokane, WA, E. Pennock Gheen, Bullivant Houser Bailey, Pendergrass & Hoffman, Thomas V. Harris, Merrick Hofstedt Lindsey, Christopher W. Tompkins, Betts Patterson & Mines, Seattle, WA, for Defendants.

## ORDER DENYING MOTIONS TO REMAND

VAN SICKLE, District Judge.

**BEFORE THE COURT** are the plaintiffs' motions to remand this action to state court. The Court heard oral argument on the motions on February 9, 2000. The plaintiffs were represented by Michael Woerner. Defendants American Home Products Corp., A.H. Robins Company, Inc., and Wyeth Laboratories, Inc. (collectively "AHP") were represented by Robert F. Sestero, Jr. Defendant Eon Laboratory Manufacturers, Inc. ("Eon") was represented by Glenn S. Draper. This Order will memorialize the Court's oral determination.

### Background

The plaintiffs, Debbie and Loren Griffith, filed this "fen-phen" tort action in Spokane County Superior Court in October 1999. The defendants named in the complaint included Eon and AHP. AHP was served with a summons and a copy of the complaint on October 18, 1999. That same day, the plaintiffs attempted service on Eon's Washington, D.C. law firm. However, as was later communicated to the plaintiffs, Eon had not authorized its law firm to accept service on its behalf.

Eon received a copy of the summons and the complaint by certified mail on November 15, 1999. Eon's Chief Financial Officer accepted service on November 17, 1999.

AHP filed a notice of removal on December 1, 1999, asserting diversity jurisdiction. Eon filed a notice of removal on December 16, 1999, also asserting diversity jurisdiction. At that time, all defendants consented to removal.

Shortly thereafter, the plaintiffs filed a motion to remand this cause back to state court, claiming that AHP's notice of removal was untimely. The plaintiffs filed a second motion to remand several weeks later, arguing that Eon's notice of removal was also untimely. In addition, the plaintiffs seek costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).

## Analysis

■ The plaintiffs seek to remand this action to state court, arguing that neither AHP nor Eon filed a timely notice of removal. The removal of a state action to federal court is governed by 28 U.S.C. § 1446, which provides in part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Removal jurisdiction is strictly construed. *See Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 773 (9th Cir. 1986).

■ The parties agree that AHP's notice of removal was untimely as it was not filed within thirty days of AHP's receipt of the summons and complaint. The parties sharply disagree, however, as to whether Eon's notice of removal was timely filed. It is well-established that all defendants in a multi-defendant case must consent to removal, a principle known as the "unanimity rule." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir.1998). Yet problems arise in applying the unanimity rule to § 1446(b), in part because the statute contemplates only one defendant to an action. The Court is now presented with two related questions that arise in cases with multiple defendants who are served at different times. The first question is whether each defendant has thirty days from the time it is served to petition to remove the case to federal court or, instead, whether § 1446(b) creates a single thirty-day period in which a case may be removed, beginning when the first defendant is served. The second, interrelated question before the Court is whether the first-served defendant can consent to removal by a later-served defendant after the first-served defendant's thirty-day removal period has lapsed or, instead, whether the first-served defendant waives its right to consent by failing to remove the action within its thirty-day period. If the latter interpretation is correct, then a defendant served more than thirty days after the first-served defendant is precluded from removing the action because it could never satisfy the unanimity rule.

### 1. Date of Service.

Before addressing the questions presented above, the Court must backtrack somewhat to determine whether Eon filed its notice of removal within thirty days of being served. If Eon failed to file a notice of removal within thirty days of being served, all parties concede that its removal would be untimely.

Eon first received constructive notice that it was a named defendant in this lawsuit in October 1999, when its legal counsel was improperly served. The Supreme Court recently held that the thirty-day period for removal in § 1446(b) is triggered by formal service only. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). The plaintiffs thus concede that Eon's thirty-day period for removal, if indeed the Court finds that Eon is entitled to thirty days, did not begin at that time.

Eon then received a copy of the summons and complaint by certified mail on November 15, 1999. If Eon's receipt of the summons and complaint effected service, then Eon's December 16 notice of

removal was filed thirty-one days after service, making it untimely under § 1446(b).

■ However, Eon correctly argues that it was under no obligation to accept service by certified mail since service by mail is only adequate when authorized by court order pursuant to a finding that such service is equally as likely to be effective as service by publication. *See* Wash.Sup. Ct.Civ.R. 4(d)(4); *In re Marriage of Logg*, 74 Wash.App. 781, 784–85, 875 P.2d 647, 649 (1994). There is nothing in the record to indicate that the plaintiffs had permission from the state court to serve Eon by certified mail. Eon waived formal service and accepted service by mail on November 17, 1999, when it signed a statement to that effect. Eon's notice of removal was filed twenty-nine days after it was served; thus, if the Court finds that Eon is entitled to its own thirty-day period and if it finds that AHP and the other defendants to this action had the ability to consent to removal, then Eon's notice of removal was timely filed.

### 2. Removal was Proper.

The right of later-served defendants to remove an action to federal court is an issue that has divided courts and legal scholars alike.[1] The majority of courts addressing the issue have held that § 1446(b) creates a single thirty-day period in which to remove an action to federal court, which begins to run when the first defendant is served, a principle known as the "first-served defendant rule." A minority of courts representing the modern trend have disagreed, finding that each defendant to an action is entitled to thirty days after service to remove an otherwise removable action and that all defendants can consent to that removal, even if their own thirty-day periods have expired.

1. For instance, Moore's Federal Practice favors the first-served defendant rule, while Wright & Miller believe that that rule is unfair to later-served defendants. *See* 16 Moore's

### a. Ninth Circuit Precedent.

The plaintiffs contend that the Ninth Circuit adopted the first-served defendant rule in *Cantrell v. Great Republic Insurance Co.*, 873 F.2d 1249 (9th Cir.1989). If the plaintiffs are correct, then *Cantrell* is controlling. However, the Court disagrees with the plaintiffs' broad interpretation of *Cantrell*.

In *Cantrell*, the plaintiff filed a claim in state court against Great Republic Insurance Company ("GRIC"); however, the complaint was answered by Great Republic Life Insurance Company ("GRLIC"). The plaintiff and GRLIC then actively proceeded with discovery. Two years after filing the original complaint, the plaintiff filed an amended complaint, formally adding GRLIC as a defendant. Thirty days later, GRIC and GRLIC, who were represented by the same counsel, jointly removed the action to federal court. The district court denied the plaintiff's motion to remand the action back to state court, finding that removal was timely since GRLIC filed the petition for removal within thirty days after it was added to the action. *See Cantrell*, 873 F.2d at 1254.

The Ninth Circuit reversed. The court found important "the fact that GRLIC has acted as a 'party' to the action long before the filing of the amended complaint, by answering and cross-complaining in response to Cantrell's original complaint and by responding to Cantrell's requests for Admission." *Id.* at 1254.

In conclusion, then, Cantrell's original complaint gave both of the appellees notice of the federal question raised by Cantrell's complaint and gave them notice that they were both exposed to liability. GRLIC's active participation in the litigation, including its filing of an answer and a cross-complaint in response to Cantrell's original complaint, precludes it from arguing that the time

Federal Practice, § 107.30[3][a][i] (3d ed.1999); 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice

for removal began to run as to GRLIC only from the time of its formal addition as a defendant in Cantrell's amended complaint. Accordingly, appellees lost their opportunity to remove the case when they failed to file a petition for removal within thirty days of the filing of the original complaint.

*Id.* at 1256.

*Cantrell* is, at best, factually distinguishable from the present case. Unlike GRLIC, Eon did not participate in this lawsuit prior to being served. Furthermore, Eon filed its notice of removal only two months after the plaintiffs brought their claim in state court, rather than two years later; unlike *Cantrell,* this action has not been substantially litigated in the state forum.

More importantly, the Supreme Court has made clear that nothing less than actual service triggers the thirty-day period for removal under § 1446(b). *See Murphy Bros.,* 526 U.S. 344, 119 S.Ct. 1322. To the extent that the *Cantrell* decision relies on GRLIC's active participation in the lawsuit as a reason to hold that GRLIC's period of removal began to run when GRIC was served, it is no longer good law.

Nowhere in *Cantrell* does the Ninth Circuit hold that § 1446(b) creates a single thirty-day period to remove an action to federal court. The Court therefore finds that the Ninth Circuit did not adopt the first-served defendant rule in *Cantrell.*[2] As it can find no other controlling authority from the Ninth Circuit on this subject, the Court turns to the decisions of other courts for guidance.

*b. Majority Rule.*

While the Ninth Circuit has remained silent, the majority of courts to address the issue have adopted the first-served defendant rule, finding either that § 1446(b) creates only one thirty-day peri-

od to remove an action, which begins when the first defendant is served, and/or that when a first-served defendant fails to assert its right to remove an action to federal court within its thirty-day removal period, it is precluded from consenting to removal by later-served defendants. *See, e.g., Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986); 16 Moore's Federal Practice § 107.30[3][a][i] (3d ed.1999).

The Fifth Circuit's opinion in *Brown* provides the oft-cited justification for the first-served defendant rule. In *Brown,* the first-served defendants litigated the case in state court for four years before the plaintiff added a defendant who then removed the action to federal court. The district court denied the plaintiff's subsequent motion to remand. *See Brown,* 792 F.2d at 480–481. The Fifth Circuit reversed, holding that a first-served defendant who does not timely assert the right to remove the action is precluded from consenting to removal by a later-served defendant. *See id.* at 481–82. The Fifth Circuit cited two principles underlying its decision barring removal by the later-served defendant: (1) the well-established rule that the removal statutes are to be strictly construed against removal and (2) the interests inherent in settling the forum of a lawsuit early in the litigation. *See id.* at 482.

> To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the progress of the suit. The unfairness of this to the plaintiff outweighs the unfairness, if any, to the last-joined defendant. The forum for a suit ought to be settled at some time early in the litigation.

*Id.* The Fifth Circuit did recognize, however, that "[e]xceptional circumstances might permit removal even when a later-joined

and Procedure; Jurisdiction § 3732 at 336–340 (3d ed.1998).

2. District courts within the Ninth Circuit have split on this issue since *Cantrell. Compare, e.g., Samura v. Kaiser Found. Health Plan,* *Inc.,* 715 F.Supp. 970, 971 (N.D.Cal.1989) (following first-served defendant rule), *with Ford v. New United Motors Mfg., Inc.,* 857 F.Supp. 707, 708–10 (N.D.Cal.1994) (rejecting the first-served defendant rule).

defendant petitions more than precisely thirty days after the first defendant is served," such as when a plaintiff's delay in naming a defendant is done in a bad faith effort to prevent removal. *Id.* at 482.

### c. Modern Trend.

Lately, however, other circuits have disagreed with the rationale espoused in *Brown.*

The Sixth Circuit recently held that a later-served defendant has thirty days from the date of service to remove a case to federal district court and that all defendants can consent to removal even if their own thirty-day periods have expired. *See Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 and 533 n. 3 (6th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000). The plaintiff in *Brierly* brought an action in state court against two defendants, only one of whom had been served when the case was removed to federal court. The district court remanded the action for lack of proof of complete diversity. When the second defendant was served, it also removed the case to federal court; the district court denied the plaintiff's second motion to remand, apparently satisfied at that time of its subject matter jurisdiction. *See id.* at 528.

The Sixth Circuit affirmed the denial of the motion to remand.

> [A]s a matter of statutory construction, holding that the time for removal commences for all purposes upon service of the first defendant would require us to insert "first" before "defendant" into the language of the statute. We are naturally reluctant to read additional words into the statute, however. If Congress had intended the 30–day removal period to commence upon service of the first defendant, it could have easily so provided.

*Brierly,* 184 F.3d at 533 (internal citation omitted). The court then concluded that a first-served defendant can consent to a later-served defendant's removal petition, despite having failed to remove, for "[g]iven the rule of unanimity, holding otherwise would vitiate the removal application of the later-served defendants and thereby nullify our holding that later-served defendants are entitled to 30 days to remove the case to district court." *Id.* at 533 n. 3.

The Fourth Circuit has taken a middle road, holding that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." *McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924, 928 (4th Cir.1992). In other words, a defendant served within the first-served defendant's removal period has thirty days to decide whether to join the first-served defendant's petition for removal, but a defendant served after the first-served defendant's removal period cannot remove the action. *See id.* at 926 n. 3.

The *McKinney* ruling was premised on the then-recent application of Rule 11 of the Federal Rules of Civil Procedure to petitions for removal under § 1446(b). The Fourth Circuit wanted to protect later-served defendants from the Hobson's choice of having "to forego removal or join hurriedly in a petition for removal and face possible Rule 11 sanctions." *Id.* at 928.

■ It is the determination of this Court that the better rule is the one espoused by the Sixth Circuit—that each defendant has thirty days from the time it is served to remove action, if otherwise removable, and to gain the consent of all other defendants, regardless of when those defendants were served. Foremost, the Court believes that the Supreme Court's decision in *Murphy Brothers* casts doubt on the continuing validity of the first-served defendant rule to the extent that that case stands for the proposition that the removal statute should not be so strictly construed as to deny defendants significant procedural rights before becoming parties to an action.

For better or for worse, the Court has elevated the importance of proper service in the removal context. In doing so, it has implicitly rejected the policies served by the unanimity rule, that is, to strictly construe the removal statute and to ensure that the choice of forum issue be settled as soon as possible. Thus, it is likely that the Court may decide that the later served defendants may not have their removal right compromised before they are served, and that they ought to have the opportunity to persuade the earlier served defendants to join the notice of removal. Thus, the fairness approach may well supercede the unanimity rule.

16 Moore's Federal Practice, § 107.30[3][a][i].

Additionally, like the Fourth and Sixth Circuits, this Court is concerned with the possible Rule 11 implications of the first-served defendant rule, a concern particularly glaring in the present case. Here, Eon was formally served on AHP's last day to remove this action. Under the first-served defendant rule, Eon's counsel would have had one day to research whether a basis for removal existed, to decide whether to file a petition for removal, and to attempt to gain the consent of all other defendants, all while risking Rule 11 sanctions if the removal petition was later found to be meritless. This an unacceptable situation in which to place defense counsel.

Finally, if Congress intended to create one thirty-day period for removal when it enacted § 1446(b), it could have clearly done so. Instead, the fact that a defendant who is served after a case has been removed to federal court may move to remand the action to state court under 28 U.S.C. § 1448 indicates that Congress was not as concerned with establishing the forum of the suit early in the litigation as proponents of the first-served defendant rule would argue.

For those reasons, the Court finds that Eon had thirty days from the time it was served to file a notice of removal in federal court and to gain the consent of all other defendants to the action, regardless of when served. The plaintiffs' motions to remand are therefore denied.[3]

**IT IS HEREBY ORDERED:**

1. The plaintiffs' motions to remand (**Ct.Recs.8, 14**) are **DENIED.**

2. The plaintiffs' motions for costs and attorney's fees (**Ct.Recs.8, 14**) are **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to counsel, and **furnish a copy to the Clerk for the Judicial Panel on Multi–District Litigation.**

---

3. The plaintiffs seek costs and attorney's fees from Eon and AHP pursuant to 28 U.S.C. § 1447(c), which provides in relevant part: An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). As the Court has denied the plaintiffs' motions to remand, the plaintiffs are not entitled to attorney's fees and costs.