**Patrick STRIKE and Jane Strike, Plaintiffs,**

**v.**

**ATLAS VAN LINES, INC., Defendant.**

**No. 99CV2018.**

United States District Court, M.D. Pennsylvania.

June 21, 2000.

Craig T. Trebilcock, John N. Elliott, Barley, Snyder, Senft & Cohen, LLC, York, PA, for plaintiffs.

Timothy J. Abeel, Louise D. Hayne, Rawle & Henderson, Philadelphia, PA, defendant.

## MEMORANDUM AND ORDER

SMYSER, United States Magistrate Judge.

The complaint in this case was filed in the Court of Common Pleas of York County and was removed into this court on November 18, 1999 by the defendant. This court has jurisdiction on the basis of diversity of citizenship. The defendant is a Delaware corporation with its principal

place of business in Indiana. The plaintiffs are residents of Pennsylvania.

The defendant, Atlas Van Lines, transported personal household goods for the plaintiffs, Mr. And Mrs. Strike. An item transported in an Atlas van along with other items was a pickup truck belonging to the Strikes. During transport, the complaint alleges, the truck's gasoline tank ruptured and approximately 25 gallons of gasoline spilled out into the van. Boxes containing the Strikes' belongings were saturated with gasoline. Gasoline fumes permeated the Strikes' possessions. Upon arrival at the Strikes' new home in Wrightsville, in the absence of Mr. Strike from the home, the defendant's employees moved boxes and belongings of the Strikes into the home. Mrs. Strike was overcome by the fumes. Both Mr. Strike and Mrs. Strike had to seek medical attention. The exposure of the Strikes to gasoline fumes in their possessions persisted, causing health problems for Mrs. Strike. The plaintiffs' possessions were moved to a storage facility.

Count I of the complaint states a claim for breach of contract, and under this Count the plaintiffs seek compensatory damages for personal injuries that they suffered as the result of the alleged failure of the defendant to carry the plaintiffs' goods safely and with due care. Count II states a claim on the part of Mr. Strike for the loss of consortium of his spouse, Mrs. Strike. Count III states a claim of negligence.

An answer to the complaint with affirmative defenses was filed by the defendant on February 11, 2000. The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). The case was assigned to this magistrate judge. A case management conference was held on February 25, 2000, and a case management order was entered.

The defendant filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the claims of the plaintiff are foreclosed under 49 U.S.C. § 14706 (the Carmack Amendment). The plaintiffs have filed a brief in opposition.

The Carmack Amendment provides, in material part:

A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission . . . shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier . . . and any other common carrier that delivers the property and is subject to the jurisdiction of the Commission . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for actual loss or injury to the property caused by (1) the receiving carrier [or] (2) the delivering carrier. . . .

49 U.S.C. § 11707(a)(1) (1995) (recodified at 49 U.S.C. § 14706).

 It has uniformly been held that state law causes of action involving losses of or damages caused by the interstate shipment of household goods by common carriers under a bill of lading, whether contract based or tort based claims, are preempted by the Carmack Amendment. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377 (5th Cir.1998); *Taylor v. Mayflower Transit,* 22 F.Supp.2d 509 (W.D.N.C.1998). The preemption does not extend to injuries separate and apart from those arising from the loss or destruction of shipped property. The preemption, however, does extend to claims like the plaintiffs' involving personal injuries suffered as the result of changes made to shipped goods through negligence of the carrier and injuries resulting therefrom to the shipper, *Tayloe v. Kachina Moving and Storage, Inc.,* 16 F.Supp.2d 1123 (D.Ariz.1998).

 The plaintiffs argue that the *Tayloe* case and a like holding in a Massachusetts case are inapposite, because those cases involved latent contaminants not readily

ascertainable to the naked eye. We do not find there to be a material distinction insofar as the statutory Carmack Amendment preemption doctrine or rule is concerned. Nor do we find there to be any basis, as the plaintiffs assert, for a finding that the plaintiffs' claims are separate or distinct from the loss of or the damage to the goods that were shipped in interstate commerce, such as certain claims were found by the court to be in *Gordon v. United Van Lines, Inc.*, 130 F.3d 282 (7th Cir. 1997), cited by the plaintiffs.

The plaintiffs' alleged injuries are alleged to have occurred as the result of injury to the plaintiffs' property during its interstate shipment by a common carrier. The nature of the damages allegedly suffered by the plaintiffs as the result of the injuries to the property goes beyond the loss of the use or value of the property itself. However, the plaintiff's claims are not separate from the matter of the alleged damage or injury to the goods. The claims are not beyond the scope of the Carmack Amendment.

For the foregoing reasons, the motion of the defendant to dismiss the complaint will be granted.

IT IS ORDERED that the motion of the defendant to dismiss the complaint is GRANTED and that the Clerk shall close the file.