**Harvey ORLICK and Eveline Orlick, Plaintiffs,**

*v.*

**J.D. CARTON & SON, INC. and Allied Van Lines Defendants.**

**No. CIV. A. 00–3486(JAG).**

United States District Court, D. New Jersey.

May 2, 2001.

---

Alan H. Bernstein, Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, Roseland, NJ, for Plaintiffs Harvey Orlick and Eveline Orlick.

Richard Nichols, Gennet, Kallmann, Antin & Robinson, Parsippany, NJ, for J.D. Carton & Son, Inc. and Allied Van Lines.

## OPINION

GREENAWAY, District Judge.

This matter comes before the Court on the motion of Plaintiffs Harvey and Eveline Orlick ("Plaintiffs") to remand this action to the Superior Court of New Jersey, Law Division, Morris County, pursuant to 28 U.S.C. § 1447(c)(West 2000). Plaintiffs also seek reasonable attorneys' fees, pursuant to 28 U.S.C. § 1447(c), for costs incurred because of this motion to remand. Defendants oppose the motion to remand. This Court referred the instant matter to the Honorable G. Donald Haneke, U.S.M.J., for an appropriate Report and Recommendation. Magistrate Judge Haneke issued a Report and Recommendation, pursuant to L. Civ. R. 72.1(a)(2) and Fed.R.Civ.P. 72(b). In his Report and Recommendation, Magistrate Judge Haneke recommended that this Court grant Plaintiffs' motion, but deny an award of attorneys' fees. Defendants timely filed

objections to Magistrate Judge Haneke's Report and Recommendation.

■ A motion to remand, pursuant to 28 U.S.C. § 1447(c), is a dispositive motion. *In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir.1998). As such, Magistrate Judge Haneke's Report and Recommendation is reviewed *de novo. In re U.S. Healthcare,* 159 F.3d at 145–46; *Temptations, Inc. v. Wager,* 26 F.Supp.2d 740, 743 (D.N.J. 1998). For the reasons set forth below, this Court does not adopt Magistrate Judge Haneke's Report and Recommendation as the opinion of the Court. Further, Plaintiff's motion to remand is DENIED.

## Background

Plaintiffs hired defendants, J.D. Carton & Son, Inc. ("Carton") and Allied Van Lines ("Allied"), to transport their belongings from New Jersey to Florida. Plaintiffs purchased an "Extra Protection Plan" from Defendants.[1] Plaintiffs assert that goods were missing from the shipment and that Defendants fraudulently inserted "X's" into certain areas of the bills of lading, thereby falsely indicating Plaintiffs' receipt and acceptance of their belongings when no such acceptance took place.

Plaintiffs filed a complaint against Defendants Carton and Allied on May 22, 2000, seeking damages for breach of contract, common law fraud, and fraud in violation of the New Jersey Consumer Fraud Act, N.J. STAT. ANN. §§ 56:8–1 to 8–106 (West 2000), slander of credit, and punitive damages. On July 18, 2000, Defendant Allied, in a petition to which Defendant Carton consented, filed a notice of removal ("Notice") with the United States District Court, District of New Jersey, alleging that removal was appropriate because Plaintiffs' complaint arose under federal law, pursuant to 28 U.S.C. § 1331.

Plaintiffs now assert that the Notice was defective for two reasons. First, Plaintiffs explain that Defendant Carton was served on June 6, 2000, but at no time within thirty days thereafter did Defendant Carton file a Notice. Therefore, Defendant Carton could not consent to Defendant Allied removing to federal court. Second, Plaintiffs assert that Defendants' Notice is invalid because none of Plaintiffs' allegations "arise under" federal law, as that term is understood by statutory law. Defendants respond that the Notice is valid because Defendant Allied filed its Notice within 30 days of proper service upon Defendant Allied. Allied further argues that the Notice is valid because Plaintiffs' claims are completely preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (West 2000).[2]

## Discussion

### I. The Process of Removal Pursuant to 28 U.S.C. § 1446

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 163–64, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). A defendant seeking removal of an action initiated in a

---

1. An "Extra Protection Plan" is a type of insurance plan that obligated Defendants to pay the "full replacement value" for lost goods rather than any value based on filed tariffs.

2. The Interstate Commerce Act was repealed in December 1995; however, the provisions of the Carmack amendment were re-codified. 49 U.S.C. § 14706.

state court must file a notice of removal with the district court within thirty days of service of the complaint upon the defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352–53, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir.1992).

If a claim is removed improperly, due to lack of subject matter jurisdiction, the matter must be remanded to state court. 28 U.S.C. § 1447(c); *City of Chicago*, 522 U.S. at 163–64, 118 S.Ct. 523. Upon issuing an order remanding a case due to lack of subject matter jurisdiction, a district court may require payment of reasonable costs, including attorneys' fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). A removing party bears the burden of establishing that federal jurisdiction exists and that the case should not be remanded. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). Further, the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Id.*

In 1999, the Supreme Court clarified the time within which a Defendant named in a state court action may seek removal to federal court. *Murphy Bros.*, 526 U.S. at 347, 119 S.Ct. 1322. In *Murphy Brothers*, plaintiff filed suit against defendant in state court. Three days later, plaintiff faxed a "courtesy copy" of the file-stamped complaint to the defendant. *Id.* at 348, 119 S.Ct. 1322. Seventeen days later, plaintiff properly served defendant. Thirty days after proper service, and forty-four days after receiving the courtesy copy of the complaint, defendant removed the case to federal court. *Id.* Plaintiff moved to remand the case to state court, asserting that defendant's removal was untimely. Plaintiff argued that defendant's thirty-day removal period commenced on the day that plaintiff faxed a copy of the complaint to defendant. The district court denied plaintiff's motion to remand and the Eleventh Circuit reversed. *Michetti Pipe Stringing, Inc. v. Murphy Bros., Inc.*, 125 F.3d 1396 (11th Cir.1997). The Supreme Court granted certiorari. 525 U.S. 960, 119 S.Ct. 401, 142 L.Ed.2d 326 (1998).

In reversing the Eleventh Circuit, the Supreme Court observed that "service of process is fundamental to any procedural imposition on a named defendant." *Murphy Bros.*, 526 U.S. at 350, 119 S.Ct. 1322. The Court explained that the absence of service of process prevents a court from exercising power over a party named as a defendant in a complaint. Only after a plaintiff has rendered proper service is a defending party obligated to take action. *Id.* Mindful of this premise, the Court explained that Congress amended the removal statute several times. Rather than allowing removal at "any time prior to the expiration of [his or] her time to respond to the complaint under state law," the 1948 amendment to the removal statute allowed a defendant to seek removal within twenty-eight days after commencement of the action. *Id.* The 1949 amendment to the removal statute allowed a defendant to seek removal within twenty-eight days of receiving a copy of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.*[3] The Court concluded that in light of

---

3. With the exception of extending the time from twenty-eight to thirty days, the relevant section of the removal statute remains as amended in 1949. The section states, in relevant part, that:

[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief

the language of the removal statute and the premise that only proper service of process obligates a party to engage in litigation, "a defendant's time to remove is triggered by *simultaneous service of the summons and complaint*" upon a named defendant. *Id.* at 347–48, 119 S.Ct. 1322. Notably, the Third Circuit reached a similar conclusion six years before the Supreme Court's decision in *Murphy Brothers. Foster*, 986 F.2d at 53.

## II. *The Circuit Split on the Question of Removal with Multiple Defendants*

■ In multiple defendant litigation, it is well established that all defendants must join in a notice of removal. *Ogletree v. Barnes*, 851 F.Supp. 184, 186 (E.D.Pa.1994)(citing *Gableman v. Peoria, Decatur & Evansville Ry. Co.*, 179 U.S. 335, 337, 21 S.Ct. 171, 45 L.Ed. 220 (1900)). A purported majority of courts adhere to the "first-served defendant" rule. The "first-served defendant" rule states that when there are multiple defendants, "[i]f the *first served* [sic] *defendant* abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove ... due to the rule of unanimity among defendants which is required for removal." *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 887 n. 4 (5th Cir.1998)(citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481 & n. 11 (5th Cir.1986))(emphasis provided). The rule therefore,

"creates only one thirty-day period to remove an action, which begins when the first defendant is served, and/or that when a first-served defendant fails to assert its right to remove an action to federal court within its thirty-day removal period, it is precluded from consenting to removal by later-served defendants." *Griffith v. Am. Home Prod.*, 85 F.Supp.2d 995, 998 (E.D.Wa.2000). Although numerous district courts across the country have adopted the "first-served defendant" rule,[4] the Fifth Circuit is the only Circuit to adopt the rule.[5] *See, e.g., Doe v. Kerwood,* 969 F.2d 165 (5th Cir.1992); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir.1988); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986).

■ A purported minority of courts, including the Fourth and Sixth Circuits, have adopted the "later-served defendant" rule. *McAnally Enter., Inc. v. McAnally*, 107 F.Supp.2d 1223, 1229 (C.D.Cal.2000) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999), *cert. denied* 528 U.S. 1076, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000), and *McKinney v. Bd. Of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924 (4th Cir.1992)). Under the "later-served defendant" rule, "each defendant to an action is entitled to thirty days after service to remove an otherwise removable action and ... all defendants can consent to that removal, even if their own thirty-day periods have expired."

---

upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b).

4. *See, e.g., Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040 (D.Nev.2000); *Branch v. Coca–Cola Bottling Co. Consol.*, 83 F.Supp.2d 631 (D.S.C. 2000); *White v. White*, 32 F.Supp.2d 890 (W.D.La.1998); *McShares, Inc. v. Barry*, 979

F.Supp. 1338 (D.Kan.1997); *Mitchell v. Ky.-Am. Water Co.*, 178 F.R.D. 140 (E.D.Ky.1997).

5. The Seventh Circuit has also had an opportunity to determine whether the first-served defendant rule complied with Supreme Court jurisprudence; however, that Court held that it lacked jurisdiction to hear the later-served defendant's appeal of the district court's grant of plaintiff's motion to remand. *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 355 (7th Cir.2000).

*Griffith,* 85 F.Supp.2d at 998. As the Fourth Circuit explained, "section 1446(b) does not imply in any way that later served [sic] defendants have less than thirty days in which to act." *McKinney,* 955 F.2d at 926. Indeed, "a rule that the last-served defendant has 30 days in which to remove a case to federal court is imperative .... [or] 'later served [sic] defendants will either have to forego removal or join hurriedly in a petition for removal and face possible Rule 11 sanctions.'" *Brierly,* 184 F.3d at 532 (quoting *McKinney,* 955 F.2d at 928).

■ The Third Circuit has not addressed the question of whether a later-served defendant may seek removal if the time within which to seek removal has lapsed for the first-served defendant. In light of the Supreme Court's holding in *Murphy Brothers,* however, it is counterintuitive to maintain a "first-served defendant" rule when the Supreme Court would not—consistent with *Murphy Brothers*—begin to run a later-served defendant's time to seek removal until that defendant received proper service of process. Indeed, the Third Circuit's opinion in *Foster v. Mutual Fire, Marine & Inland Insurance Company,* 986 F.2d at 53, appears to forecast the Supreme Court's decision in *Murphy Brothers* in this respect. The Third Circuit's actions in *Foster* reinforces the conclusion that the Third Circuit would not adopt the "first-served defendant rule," nor should this Court.[6] This Court therefore holds that, as a later-served defendant, Defendant Allied is entitled to thirty days from the date of proper service of process to seek removal. Defendant Allied's notice of removal was timely filed.

### III. Federal Question Jurisdiction, Pursuant to 28 U.S.C. § 1331

### A. General Principle of "Federal Question" Jurisdiction

■■ Article III of the Federal Constitution gives the federal courts authority to hear cases "arising under" federal statutes. U.S. Const. art. III; 28 U.S.C. § 1331; *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). The question of whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Id.* (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). A "well-pleaded complaint" is one "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint ...; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1394 (9th Cir.1988)(citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

■ When a plaintiff's complaint relies on federal law as the source of recovery, the case necessarily "arises under" federal law. *Ethridge,* 861 F.2d at 1394. Further, a case may "arise under" federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow,*

---

**6.** The fact that the same counsel in this case represents both Defendants should not affect the timeliness of Defendant Allied's notice of removal. Assuming that a firm in question represents both or all defendants, and further assuming that a firm in question handled all litigation for both or all defendants nationwide, and still further assuming that the same attorney within a firm handled all matters for both or all clients, the knowledge of *counsel* should not, as a matter of law, prejudice the later-served defendant when considering the strategic benefits and concerns of removing a case from state court to federal court. Indeed, the assumptions in and of themselves are tenuous, at best.

478 U.S. at 808–809, 106 S.Ct. 3229 (quoting *Franchise Tax Bd.*, 463 U.S. at 9, 103 S.Ct. 2841). A defendant, therefore, may remove a case if the claim could have been brought in federal court, either because the claim relies on federal law or because the claim necessarily turns on some construction of federal law. 28 U.S.C. § 1441(b). Hence, the question of whether a claim may be removed must also be determined by reference to the "well-pleaded complaint."

■ In the instant matter, this Court must remand, pursuant to 28 U.S.C. § 1447(c), unless Defendants can demonstrate that Plaintiffs' complaint "arises under" or requires construction of federal law. Notably, a defense that raises a federal question is inadequate to confer federal jurisdiction. *Merrell Dow*, 478 U.S. at 807, 106 S.Ct. 3229 (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). Although Plaintiffs only cite state and common law causes of action, Defendants correctly state that Plaintiffs' causes of action are preempted by federal law.

### B. Federal Preemption as a Means to Confer Jurisdiction, Pursuant to 28 U.S.C. § 1331

■ Congress' power to preempt state law derives from the Supremacy Clause of the United States Constitution. *St. Thomas—St. John Hotel & Tourism Assoc., Inc. v. U.S. Virgin Islands*, 218 F.3d 232, 237 (3d Cir.2000). The Clause states, in relevant part, that the laws of the United States "shall be the supreme laws of the Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. To this end, the Supreme Court recognizes three ways that federal law may preempt or displace state law: (1) express preemption, which requires an express statutory command that state law is displaced, (2) field preemption, which requires that federal law "so thoroughly occup[y] a legislative field as to make reasonable the inference the Congress left no room for the state to supplement it," and (3) conflict preemption, in which state law makes it impossible to comply with both the state and federal. *St. Thomas*, 218 F.3d at 238 (citations omitted).

The Supreme Court begins its analysis of preemption with the "presumption that Congress does not intend to supplant state law." *Abdullah v. Am. Airlines, Inc.*, 181 F.3d 363, 366–67 (quoting *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995)). Absent a demonstration that Congress stated or intended otherwise, federal law does not preempt applicable state law. *Abdullah*, 181 F.3d at 366.

The case at bar is one in which Congress' intent to supplant state law is implicit from the language of the Carmack Amendment. Indeed, as explained more fully below, the Carmack Amendment was intended to so thoroughly occupy the legislative field "as to make reasonable the inference that Congress left no room for the States to supplement it." *Id.* (quoting *Fid. Fed. Sav. & Loan Assn. v. De la Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982)).

### IV. The Carmack Amendment

■ Plaintiffs argue that their complaint does not assert a federal question such that the Court can maintain jurisdiction, pursuant to 28 U.S.C. § 1331. Defendants argue that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, completely preempts Plaintiffs' claims such that jurisdiction is proper. For the reasons set forth below, the Court concludes that the Carmack Amendment completely preempts Plain-

tiffs' state law claims because Plaintiffs' complaint, in alleging a cause of action against interstate carriers based on loss or damage to shipped goods, articulates a federal question, pursuant to 28 U.S.C. § 1331. Jurisdiction is therefore proper.

■ In *Adams Express Company v. Croninger,* the Supreme Court observed that Congress enacted the Carmack Amendment in 1906 to "take possession of the subject [of interstate carriers' liability for lost or damaged property], and supersede all state regulation with reference to [liability for lost or damaged property] ...." 226 U.S. 491, 505–506, 33 S.Ct. 148, 57 L.Ed. 314 (1913). A state law cause of action is therefore preempted by the Carmack Amendment if the cause of action involves loss of goods or damage to goods caused by the interstate shipment of those goods by a common carrier. *Id.* Although the Third Circuit has failed to consider the scope of preemption under the Carmack Amendment, many other jurisdictions have examined the scope of preemption, pursuant to the Carmack Amendment. *Main Rd. Bakery, Inc. v. Consol. Freightways, Inc.,* 799 F.Supp. 26, 28 (D.N.J.1992)(citing *Underwriters at Lloyds of London v. N. Am. Van Lines,* 890 F.2d 1112, 1115–1121 (10th Cir.1989); *Intech, Inc. v. Consol. Freightways, Inc.,* 836 F.2d 672, 677 (1st Cir.1987); *Hughes v. United Van Lines, Inc.,* 829 F.2d 1407, 1415 (7th Cir.1987); *Hopper Furs Inc. v. Emery Air Freight Corp.,* 749 F.2d 1261, 1264 (8th Cir.1984); *Air Prod. & Chem. v. Ill. Cent. Gulf R.R. Co.,* 721 F.2d 483, 487 (5th Cir.1983); *W.D. Lawson & Co. v. Penn Cent. Co.,* 456 F.2d 419, 421 (6th Cir.1972); *Philips Consumer Elec. v. Arrow Carrier Corp.,* 785 F.Supp. 436, 440 (S.D.N.Y.1992); *Pierre v. United Parcel Serv., Inc.,* 774 F.Supp. 1149, 1150 (N.D.Ill.1991)). These courts, and other courts presented with issues potentially arising under the Carmack Amendment, have consistently held that the Carmack Amendment preempts state law under almost all circumstances.

■ For example, in *Strike v. Atlas Van Lines, Inc.,* 102 F.Supp.2d 599, 600–601 (M.D.Pa.2000), the court observed that the Carmack Amendment preempted state law causes of action "whether contract based or tort based claims." *See also Rini v. United Van Lines, Inc.,* 104 F.3d 502, 505–506 (1st Cir.1997)(holding that all state laws that impose liability on carriers based on the loss or damage of shipped goods are preempted); *Margetson v. United Van Lines, Inc.,* 785 F.Supp. 917, 919 (D.N.M.1991)(noting that "[c]ourts have consistently recognized the preemptive effect of the Carmack Amendment over breach of contract claims"); *but see Rini,* 104 F.3d at 506 (observing that a claim for intentional infliction of emotional distress is not preempted by the Carmack Amendment because that harm is separate and distinct from the loss or damage of goods). Indeed, even special damages are available under the Carmack Amendment "if the carrier had notice of the special circumstances from which such damages would flow at the time the bill of lading contract was made." *Main Rd. Bakery, Inc.,* 799 F.Supp. at 28.

Plaintiffs articulate precisely the type of cause of action envisioned by the Carmack Amendment. Indeed, the claims of fraud as to the bill of lading, any claim that may arise from Plaintiffs' extra protection plan, and Plaintiffs' claims for punitive damages concern issues that should be considered under the Carmack Amendment. All of Plaintiffs' causes of action arise from the contractual relationship between common carriers and shippers of goods that were allegedly lost and/or damaged such that the Carmack Amendment applies. The matter therefore presents a federal question, pursuant to 28 U.S.C. § 1331.

**346**

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Law Division, Morris County is hereby DENIED. In light of this Court's denial of Plaintiffs' motion, the motion for attorneys' fees is MOOT.