**Norma VARELA, Plaintiff,**

v.

**FLINTLOCK CONSTRUCTION, INC., Andrew Weiss and Gregory Steck, Defendants.**

**No. 01 CIV. 2736(DLC).**

United States District Court, S.D. New York.

June 26, 2001.

---

7. Kevin McNally assisted this Court in identifying materials relevant to this Opinion.

Tom Stickel, Law Offices of Tom Stickel, Bronx, NY, for Plaintiff.

Arthur J. Robb, Clifton Budd & DeMaria, New York, NY, for Defendants Flintlock Construction, Inc. and Andrew Weiss.

## OPINION

COTE, District Judge.

This case requires the Court to decide whether a removal petition is timely when filed less than thirty days after an amended complaint is filed in which the removing party is named for the first time, but over seven years after the inception of the action. In this action, plaintiff Norma Varela ("Varela") asserts that defendants Flintlock Construction, Inc. ("Flintlock"), Andrew Weiss ("Weiss") and Gregory Steck ("Steck") sexually harassed her, unlawfully discharged her, and discriminated against her on the basis of gender and race, in violation of federal and state law.

Plaintiff's original complaint was filed in New York Supreme Court, Bronx County, and named Flintlock and Steck as defendants. Flintlock was served on June 14, 1994, and Weiss is alleged to have accepted service for Steck, his co-worker, on June 29, 1994.

Plaintiff filed an amended complaint on March 7, 2001, in which she added additional causes of action under state law, and named Weiss as a defendant. Weiss filed a notice of removal to this Court on March 30, 2001. Weiss' notice of removal indicates that Flintlock consents to the removal petition, but that, "[u]pon information and belief, defendant GREGORY STECK has not been served in the action." Plaintiff seeks to remand this action to New York State Supreme Court, Bronx County, on the ground that Weiss' removal petition is untimely.

## DISCUSSION

Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). Generally speaking, removal statutes are to be "strictly construed against removal and all doubts should be resolved in favor of remand." *Leslie v. BancTec Serv. Corp.*, 928 F.Supp. 341, 347 (S.D.N.Y.1996) (citations omitted).

Consequently, "the burden of proving federal removal jurisdiction is on the party seeking to preserve removal, not the party moving for remand." *Pan Atlantic Group, Inc. v. Republic Ins. Co.*, 878 F.Supp. 630, 638 (S.D.N.Y.1995) (DLC). Moreover, "[s]ubsection 1447(c) authorizes a remand on the basis of *any defect in removal procedure.*" *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A., C.A.*, 31 F.3d 70, 72 (2d Cir.1994) (citation omitted) (emphasis supplied).

## A. Timeliness of Removal

 Section 1446(b) of Title 28, United States Code, provides, in relevant part, that

> *[t]he notice of removal* of a civil action or proceeding *shall be filed within thirty days after the receipt by the defendant,* through service or otherwise, *of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b) (emphasis supplied). The thirty-day window for removal contained in Section 1446(b), while not jurisdictional, is "rigorously enforce[d]" by courts absent a finding of waiver or estoppel. *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir.1991). Plaintiff's motion to remand requires this Court to consider an issue unaddressed by the Second Circuit or the Supreme Court, and a subject of debate among circuit and district courts: whether the thirty-day period in which a defendant can remove a state action to federal court runs from the time that the first defendant was served, or from the time that the defendant seeking to remove the action was served.

The majority of courts, including the Fifth Circuit and district courts in this District, have followed the "first-served defendant" rule. *See, e.g., Getty Oil, Div. of Texaco v. Ins. Co. of North Am.*, 841 F.2d 1254, 1263 (5th Cir.1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481–82 (5th Cir. 1986); *Jeffcoat v. American General Life & Acc. Ins. Co.*, No. CIV. A. 01–D–325–N, 2001 WL 611196, at *2 (M.D.Al. May 16, 2001); *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1045 (D.Nev.2000); *Quinones v. Minority Bus Line Corp.*, No. 98–CIV. 7167(WHP), 1999 WL 225540, at *2 (S.D.N.Y. Apr. 19, 1999); *Mermelstein v. Maki*, 830 F.Supp. 180, 183 (S.D.N.Y. 1993). These courts reason that an earlier-served defendant who does not seek removal within thirty days of being served has waived his or her right to do so and is, therefore, precluded from consenting to a later-served defendant's notice of removal, and have additionally asserted that the first-served defendant rule is consistent with courts' interests in preventing defendants from forum shopping and limiting federal courts' removal jurisdiction. *See, e.g., Demco*, 792 F.2d at 481–82.

A growing minority of courts, including the Fourth and Sixth Circuits and several district courts, have adopted the last-served defendant rule. *See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 532–33 (6th Cir.1999); *McKinney v. Board of Trustees of Mayland Comm. College*, 955 F.2d 924, 928 (4th Cir.1992) (allowing all defendants thirty days in which to petition for removal unless a defendant was served more than thirty days after the first-served defendant and the first-served defendant did not petition for removal); *Orlick v. J.D. Carton & Son, Inc.*, 144 F.Supp.2d 337, 342 (D.N.J. 2001); *Griffith v. American Home Products, Corp.*, 85 F.Supp.2d 995, 1000–01 (E.D.Wash.2000); *Collings v. E–Z Serve Convenience Stores, Inc.*, 936 F.Supp. 892, 895 (N.D.Fl.1996). These courts have rejected the first-served defendant rule on the grounds that it prejudices later-served defendants, allows plaintiffs to manipulate

and defeat removal by serving defendants at different times, compromises defense counsel's ability to comply with Rule 11 of the Federal Rules of Civil Procedure by forcing a decision to seek removal before there is an opportunity to evaluate the merits of a removal petition, and belies the plain meaning of the statutory text by requiring the court "to insert 'first' before 'defendant' into the language of the statute." *Brierly*, 184 F.3d at 533.

Although the Supreme Court has not weighed the merits of the first versus the last-served defendant rules, it recently held that Section 1446(b)'s time for removal does not begin to run until the defendant has been officially served with a summons and received the complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). Construing the phrase "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," it determined that Section 1446(b) was not intended to replace the traditional requirement of service of process. The Court reasoned that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority asserting measure stating the time within which the party served must appear and defend." *Id.* at 350, 119 S.Ct. 1322. As the Court concluded,

> it would take a clearer statement than Congress has made ... to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons, *i.e.*, before one is subject to any court's authority.

*Id.* at 356, 119 S.Ct. 1322.

■ The last-served defendant rule is consistent with the Supreme Court's opinion in *Murphy Brothers*, in that it pre-

serves every defendant's opportunity to seek removal and provides every defendant with a uniform time in which to do so, whereas under the first-served defendant rule, the procedural rights of later-served defendants "slip away ... before one is subject to any court's authority." *Id.* See also *Orlick*, 144 F.Supp.2d at 342; *Griffith*, 85 F.Supp.2d at 1000; Barbara A. Wiseman, *Comment: Applying Murphy Bros. v. Michetti Pipe Stringing, Inc. to Removal in Multiple–Defendant Lawsuits*, Loy. L.A. L.Rev. 323, 349 (Nov.2000). Accordingly, Weiss is entitled to thirty days to seek removal from the date he was properly served with plaintiff's summons and had received the amended complaint. Weiss sought removal within thirty days and, therefore, his removal petition is timely.

### B. Defendants' Consent to Removal Motion

■ Although Section 1441(a) only refers to removal by "the defendant or defendants," the statute has been consistently interpreted to require that "all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." *Still v. DeBuono*, 927 F.Supp. 125, 129 (S.D.N.Y.1996). The only exceptions to this rule are if:

> (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c).

*Ell v. S.E.T. Landscape Design, Inc.*, 34 F.Supp.2d 188, 194 (S.D.N.Y.1999). As noted, Flintlock has consented to Weiss' notice of removal. These defendants assert that, because Steck was never proper-

ly served, no court acquired jurisdiction over Steck and, therefore, Steck need not have consented to Weiss' notice of removal.

 Although Weiss, as the removing party, bears the burden of establishing that removal is proper, *Pan Atlantic Group, Inc.*, 878 F.Supp. at 638, the plaintiff generally bears the burden of establishing that a court has jurisdiction over a defendant. *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.1996). " '[P]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith ... legally sufficient allegations of jurisdiction,' *i.e.*, by making a '*prima facie* showing' of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir.1998) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990)) (emphasis in original).

New York's Civil Practice Law and Rules ("CPLR") provides that personal service can be made

> by delivering the summons within the state to a person of suitable age and discretion at the *actual place of business,* dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business.

CPLR § 308(2) (emphasis supplied). "Actual place of business" is statutorily defined as "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." CPLR § 308(6). For a location to be a person's "actual place of business" for service pursuant to CPLR § 308(2), "that person must be shown to regularly transact business at that location." *Katz v. Em-*

*mett*, 226 A.D.2d 588, 641 N.Y.S.2d 131, 133 (2d Dept.1996).

An affidavit of substituted service, dated June 29, 1994, reflects that Steck was served by leaving a copy of the summons and complaint with Weiss at 321 Railroad Avenue, Greenwich, Connecticut. This address is not identified as Steck's "actual place of business." Instead, it is identified in the affidavit as Steck's "last known place of business." Defendants assert that Steck was never properly served at his "actual place of business" because the address where Steck was served is different from the address "alleged by plaintiff to be Flintlock's place of business and, more importantly, different from the New York address alleged to be the location from which Steck worked for Flintlock." Defendants have not asserted, however, that Steck was *not* served at his actual place of business, or what Steck's actual place of business was at the time of service. Plaintiff has not addressed whether Steck was properly served. Presumably, as this action has been pending for over seven years, whether Steck has properly been served under New York law has been resolved in state court.

### CONCLUSION

For the aforementioned reasons, this Court adopts the last-served defendant rule and concludes that Weiss' removal petition was timely. A scheduling order for further submissions on the issue of service accompanies this Opinion.

SO ORDERED.